IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ROBERT BARABINO,               )
                               )
          Plaintiff,           )   2:09-cv-00086-GEB-KJM
                               )
     v.                        )   ORDER
                               )
CITIZENS AUTOMOBILE FINANCE, INC., )
a corporation; JPMORGAN CHASE BANK,)
a corporation; and DOES 1-20,  )
                               )
          Defendants.          )
                               )
```

Each Defendant moves for dismissal of Plaintiff's sole claim, arguing the claim is barred by the statute of limitations. Plaintiff alleges in his Complaint in this action (hereinafter referenced as "Barabino II") that he is entitled to rescind a Retail Installment Sales Contract (the "Contract") into which Plaintiff entered with Dan Gamel's Rocklin RV Center (the "Seller Defendant") for the purchase of a vehicle "[d]ue to violations of law [that Plaintiff] allege[s] in [a prior filed and pending action in this district against the Seller Defendant and the manufacturer of the vehicle (hereinafter referenced as 'Barabino I')]." (Barabino II Compl. ¶¶ 5, 10, 14.)  Plaintiff's oppositions to Defendants' motions

specify that Barabino I is Case No. 2:04-cv-02359.  (Opp'n to Defendant Citizens Automobile Finance Inc.'s motion, at 8 n.1; Opp'n to Defendant JPMorgan Chase Bank, N.A.'s motion, at 7 n.1.)  Plaintiff seeks the same relief in Barabino I and Barabino II, except for civil penalties and punitive damages which are only sought in Barabino I. (See Barabino I Compl. Prayer for Relief; Barabino II Compl. Prayer for Relief.)  Plaintiff further alleges in his Barabino II Complaint:

> Subsequent to [P]laintiff's purchase [of the vehicle], [the Seller Defendant] assigned its rights under the [] Contract to Bank One, N.A. [Defendant JPMorgan] Chase [Bank] is a successor in interest to Bank One, N.A. by way of merger. Plaintiff made payments [due under the Contract] to Chase . . . .
>
> On or about January 11, 2005, Chase assigned its rights under the Contract to [Defendant] Citizens [Automobile Finance, Inc.].  Plaintiff has made payments [due under the Contract] to Citizens . . . .  Citizens continues to hold the Contract and Plaintiff has continued to make payments to Citizens.

(Barabino II Compl. ¶¶ 8, 9.)

During the February 23, 2009 hearing on the dismissal motions, the Court raised the issue *sua sponte* whether Plaintiff's rescission claim in Barabino II concerns the same contractual transaction that Plaintiff seeks to have rescinded in Barabino I. Plaintiff's counsel responded yes, and further stated the Seller Defendant in Barabino I assigned its rights to the Contract to Defendants in Barabino II.

Plaintiff's counsel was also asked why he filed a separate action in Barabino II, based on the same contract rescission claim that is in Barabino I, rather than seeking leave to amend his complaint in Barabino I so that he could have made the Defendants in Barabino II Defendants in Barabino I.  Plaintiff's counsel indicated

2

in his response that he failed to seek an amendment in <u>Barabino I</u> because he did not think the <u>Barabino I</u> judge would grant him leave to amend his Complaint in <u>Barabino I</u>; therefore he filed a new action in state court (<u>Barabino II</u>).  Defendants removed <u>Barabino II</u> to federal court and filed a Notice of Related Case document under Local Rule 83-123, in which they sought to have <u>Barabino II</u> assigned to the same judge assigned <u>Barabino I</u>.  Local Rule 83-123(a)(3) provides cases should be related where they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect substantial savings of judicial effort."  "If the Judge to whom the case with the lower . . . number has been assigned determines that assignment of the cases to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning [the] higher numbered related case[] to himself or herself."  Local Rule 83-123(c).  The <u>Barabino I</u> judge determined it was inappropriate to relate these cases.

   Notwithstanding the non-related case determination, "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same [federal] court . . . .'"  <u>Adams v. Cal. Dep't of Health Servs.</u>, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted).  "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  <u>Id.</u> at 689.

> To ascertain whether successive actions are the same, we use the transaction test, developed in the context of claim preclusion. . . .  In applying the transaction test, we examine four criteria:
>
> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by

> prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
>
> The last of these criteria is the most important.

Id. (internal quotations and citations omitted). Here, Plaintiff prays for the following relief in both Barabino I and Barabino II: that the Contract (which is the same in each action) be adjudged rescinded, for restitution of all consideration given, for incidental and consequential damages, for actual damages, and for costs and expenses incurred. Further, Plaintiff's counsel conceded at the hearing on the dismissal motions in Barabino II that Barabino I and Barabino II involve the same transactional nucleus of facts.

In addition, Defendants in Barabino II, as assignees of the rights of the Seller Defendant in Barabino I, are in privity with the Seller Defendant in Barabino I. See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005) (stating "[p]rivity [arises] from a . . . number of legal relationships in which two parties have identical or transferred rights to a particular legal interest [such as] assignors and assignees"). In light of the relief for which Plaintiff prays in both actions and the privity between the Seller Defendant in Barabino I and the Defendants in Barabino II, it is evident that Barabino II is duplicative of Barabino I.

Adams requires a district court to weigh the "the equities of the case" when deciding how to "exercise its discretion" in handling "a duplicative later-filed action." Adams, 487 F.3d at 688. Plaintiff concedes he filed Barabino II in state court because he did not think he could successfully amend his Complaint in Barabino I to

add the Barabino II Defendants.  Plaintiff's failure to seek amendment in Barabino I, and factors involved with that failure and with the scheduling order in Barabino I are not considered at this time, because of the pendency of Barabino I.  As the court observed in Walton v. UTV of San Francisco, Inc., 776 F. Supp. 1399, 1401 (N.D. Cal. 1991), "Plaintiff appears to have the right to file [an] action [which is] duplicative [of his] federal [action] in [] state court." Defendants also were authorized to remove that action to federal court.  But since the dismissal motions have been filed in an action that is duplicative of Barabino I, those motions are denied without prejudice because litigation in this duplicative action is unnecessary in light of the pendency of Barabino I.  For the stated reasons, this action is stayed pending resolution of Barabino I.

Dated:  February 25, 2009

GARLAND E. BURRELL, JR.
United States District Judge