1

2
                    IN THE UNITED STATES DISTRICT COURT
3
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
4

5
ROBERT BARABINO,                    )
6                                   )
                 Plaintiff,         )    2:09-cv-00086-GEB-KJM
7                                   )
            v.                      )    ORDER*
8                                   )
CITIZENS AUTOMOBILE FINANCE, INC., )
9  a corporation; JP MORGAN CHASE   )
   BANK, a corporation; and DOES ONE )
10 THROUGH TWENTY,                   )
                                    )
11               Defendants.        )
   ─────────────────────────────── )
12

13           Plaintiff Robert Barabino moves to lift the stay imposed in

14    this action, arguing "the grounds [for] the contingencies upon which

      this Court ordered a stay have been met" since this action was stayed
15
      because it was related to an earlier filed action in this district
16
      assigned to another judge.  Plaintiff contends there is no longer
17
      justification for the stay because a stipulated judgment has been
18
      entered in the other action against the Seller Defendant, and the
19
      remaining Defendants filed for bankruptcy protection.  (Pl. ['s] Mot.
20
      at 1.)  Defendant JP Morgan Chase Bank ("JP Morgan") opposes the
21
      motion, but argues if the stay is lifted, JP Morgan and Citizens
22
      Automobile Finance, Inc.'s ("Citizens") Federal Rule of Civil
23
      Procedure ("Rule") 12(b)(6) motions to dismiss filed in January 2009,
24
      should be granted since Plaintiff's claims are barred by applicable
25
      statute of limitations.  (Def. ['s] Mot. at 2.)  For the reasons that
26

27    ────────────────

28          *    This matter was determined to be suitable for decision without
      oral argument.  E.D. Cal. R. 78-230(h).

                                        1

follow, Plaintiff's motion to lift the stay will be granted and the referenced fully briefed dismissal motions are considered.

On November 3, 2004, Plaintiff filed the earlier action ("Barabino I") against Dan Gamel, Inc., Fleetwood Enterprises, and Fleetwood Motor Homes of Pennsylvania, Inc., which is assigned to another judge in this district; that judge declined to relate Barabino I to the instant action ("Barabino II"). Plaintiff conceded that the claims filed in Barabino II should have been filed in Barabino I at the February 23, 2009 hearing scheduled in Barabino II on the above referenced dismissal motions. At that hearing, Plaintiff's counsel stated he filed Barabino II (which was removed from state court) because he did not think the Barabino I judge would have authorized him to amend his complaint in Barabino I to allege the allegations contained in Barabino II. Barabino II was filed November 28, 2008 against JP Morgan and Citizens (collectively "Defendants").

Plaintiff alleges in Barabino II, under the Federal Trade Commission Holder Rule, 16 C.F.R. § 433.2, that Defendants as "holders of the consumer credit contract [, were] subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained . . . ." (Compl. ¶ 16.) Plaintiff alleges that Defendants in Barabino II are subject to the same claims Plaintiff alleged against Dan Gamel, Inc., (the "Seller Defendant") in Barabino I because they are holders of the Retail Sales Installment Contract and are assignees of the Seller Defendant's rights under the Contract. (Pl. ['s] Opp'n 7:13-14.)

On February 26, 2009, an Order issued in Barabino II denying each Defendant's dismissal motion without prejudice since it was evident that the claims in Barabino II should have been filed in

1  Barabino I and Plaintiff had no right to litigate Barabino II while
2  Barabino I was still pending.  (February 26, 2009 Order; relying on
3  Adams v. California Dep't of Health Services, 487 F.3d 686, 688 (2007)
4  ("Plaintiffs generally have no right to maintain two separate actions
5  involving the same subject matter at the same time in the same
6  [federal] court . . . .").)  Therefore, Barabino II was stayed pending
7  resolution of Barabino I.  (Id. at 5:13.)

8       The parties agree the claims against the Seller Defendant in
9  Barabino I have resulted in a judgment in favor of Plaintiff.  But JP
10 Morgan contends Barabino I is still pending because Plaintiff has not
11 complied with an order issued in Barabino I concerning the remaining
12 Barabino I Defendants that filed for bankruptcy protection.  In light
13 of the status of Barabino I, the stay is lifted.  Therefore, the
14 Barabino II dismissal motions will be considered as requested.

15      Defendants argue Barabino II should be dismissed because
16 Plaintiff's claims under the Song-Beverly Consumer Warranty Act, Cal.
17 Civ. Code § 1790 et seq., the Magnuson-Moss Warranty Act, 15 U.S.C.
18 §§ 2301-2312, the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code
19 § 1750 et seq., and his common law fraud claim, are barred by the
20 applicable statute of limitations.  (JP Morgan ['s] Mot. to Dismiss at
21 2; Citizens ['] Mot. to Dismiss at 2.)  Plaintiff counters since he
22 timely filed claims against the Seller Defendant in Barabino I, the
23 Defendants in Barabino II are liable for allegations Plaintiff
24 asserted against the seller in Barabino I, since the Barabino II
25 Defendants are assignees of the credit contract that Plaintiff alleged
26 in Barabino I should be rescinded.  (Pl. ['s] Opp'n to JP Morgan ['s]
27 Mot. to Dismiss at 8; Pl. ['s] Opp'n to Citizens ['] Mot. to Dismiss
28 at 7.)  The essence of Plaintiff's argument is that when he filed the

1  <u>Barabino I</u> case, that filing tolled the statute of limitations period

2  for the claims in <u>Barabino II</u>.  Specifically, Plaintiff relies on the

3  Federal Trade Commission ("FTC") Holder Rule as his support for this

4  argument, contending since the Barabino II Defendants are holders of

5  the credit contract, a contract Plaintiff sought to have rescinded in

6  Barabino I, the filing of Barabino I tolled all claims against the

7  Barabino II Defendants.  Plaintiff's reliance on the FTC's Holder Rule

8  for his statute of limitations tolling argument is misplaced, as the

9  FTC guidelines reveal:

10          [T]he Rule does not create new rights or defenses.
            The words 'Claims and Defenses' [in the Rule] . . .
11          are not given any special definition by the [FTC].
            The phrase simply incorporates those things which,
12          as a matter of other applicable law, constitute
            legally sufficient claims and defenses in a sales
13          transaction.  Appropriate statutes, decisions, and
            rules in each jurisdiction will control, and the
14          pertinent rules of law and equity, including . . .
            statutes of limitations, will continue to apply.
15

16  Preservation of Consumers' Claims and Defenses, 40 Fed. Reg. 20,023-

17  024 (May 14, 1976) (to be codified at 16 C.F.R. pt. 433).  Therefore,

18  the FTC Holder Rule does not toll any statute of limitations period

19  applicable to a claim in <u>Barabino II</u>.

20          Defendants seek dismissal of Plaintiff's claims under the

21  Song Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act,

22  arguing each claim is barred by a four year statute of limitations

23  period.  (JP Morgan ['s] Mot. to Dismiss at 2; Citizens ['] Mot. to

24  Dismiss at 2.)  Since both Acts do not contain their own statute of

25  limitations, "the court must borrow a limitation period from an

26  analogous state limitations period." <u>Lampf, Pleva, Lipkind, Prupis &</u>

27  <u>Petigrow v. Gilbertson</u>, 501 U.S. 350, 355 (1991).  California Uniform

28  Commercial Code § 2725 provides the most analogous statute of

4

limitations.  Section 2725 prescribes "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued . . . [, which occurs] when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Since Plaintiff's claims under these Acts are based on a breach of warranty involved with Plaintiff's purchase of a recreational vehicle from the Seller Defendant in <u>Barabino I</u>, both Acts are governed by the four year limitations period in § 2725.  <u>Jensen v. BMW of North Am.</u>, 35 Cal. App. 4th 112, 132 (1995) (stating "[a]n action for damages under the [Song Beverly Consumer Warranty] Act is governed by the four year limitations period . . . [under] § 2725."); <u>Mendelson v. Country Coach, Inc.</u>, 2007 U.S. Dist. LEXIS 96148 (C.D. Cal. 2007) (stating California applies the four year limitations period under § 2725 for claims brought under the Magnuson-Moss Warranty Act).  Defendants argue since the breach of warranty about which Plaintiff complains in <u>Barabino I</u> is alleged to have occurred no later than November 3, 2004, the date on which <u>Barabino I</u> was filed, these claims alleged in <u>Barabino II</u> are barred by the four year statute of limitations period because Plaintiff waited until November 26, 2008 to file <u>Barabino II</u>. Defendants are correct.  Therefore, this portion of each Defendant's motion to dismiss is granted.

Defendants also seek dismissal of Plaintiff's CLRA claim, arguing it is barred by the Act's three year statute of limitations prescribed in Cal. Civ. Code § 1783.  (JP Morgan ['s] Mot. to Dismiss at 5; Citizens ['] Mot. to Dismiss at 2.)  Section 1783 states "[a]ny action brought under the specific provisions of § 1770 shall be commenced not more than three years from the date of the commission of such method, act or practice."  Plaintiff admits in paragraph 10 in

the Barabino II complaint that he filed the same CLRA claim against
the Seller Defendant in Barabino I that he filed against the
Defendants in Barabino II.  This reveals Plaintiff had knowledge of
the commission of the CLRA claim no later than November 3, 2004, the
date on which Barabino I was filed.  Therefore, the three year
limitations period ran on November 3, 2007, more than one year before
Plaintiff filed Barabino II, making this claim untimely.  Accordingly,
this portion of each Defendant's motion to dismiss is granted.

        Finally, Defendants seek dismissal of Plaintiff's common-law
fraud claim, arguing Cal. Code of Civ. Proc. § 338(d)'s three year
statute of limitations bars this claim.  (Mot. to Dismiss at 5;
Citizens ['] Mot. to Dismiss at 2.)  Section § 338(d) provides that a
fraud claim accrues when the aggrieved party discovers facts
constituting the fraud.  See Cal. Code of Civ. Proc. § 338(d).
Plaintiff admits in paragraph 10 in the Barabino II complaint that he
filed the same fraud claim against the Seller Defendant in Barabino I
that he filed against the Defendants in Barabino II.  This reveals
Plaintiff's discovery of the fraud and thus the accruing of the
statute of limitations, occurred no later than November 3, 2004, the
filing date of Barabino I.  Having waited more than three years after
discovering the fraud to file Barabino II on November 26, 2008, this
portion of each Defendant's motion to dismiss is granted.

        Since all claims have been dismissed, the Clerk of the Court
shall enter judgment in favor of each Defendant and against Plaintiff.

Dated:  August 11, 2009


                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28